State v. Crutcher.

---

## STATE OF MISSOURI, Respondent, v. L. F. CRUTCHER, Appellant.

### Springfield Court of Appeals, April 14, 1915.

1. **APPEAL AND ERROR: Verdict: Not Disturbed When.** Unless the trial judge has abused his discretion in refusing to grant a new trial the appellate court will not disturb a verdict supported by substantial evidence.

2. **CRIMINAL LAW: Argument of Attorneys: Evidence: Inferences Justified.** In a criminal case where certain evidence was received without objection, justified inferences drawn by the prosecuting attorney in his argument do not constitute reversible error.

3. ————: **Assault: Evidence: Admissibility.** Prosecution for assault. Evidence of the condition of the accused's arm and eyes after the difficulty, which resulted from a difficulty with another party, are inadmissible.

Appeal from Greene County Circuit Court.—*Hon. Guy D. Kirby,* Special Judge.

AFFIRMED.

*Hamlin & Seawell* for appellant.

*Sam M. Wear* for respondent.

STURGIS, J.—The defendant appeals from a judgment of conviction for common assault, wherein he was fined twenty-five dollars. The assault charged is on Sarah E. Parris and the evidence shows that this assault was an incident growing out of a difficulty resulting in a fight between defendant and the husband of the said Sarah. Much of the evidence relates to the facts leading up to the difficulty between the two men and, as is usual in such cases, there is a conflict as to which was the aggressor and in the wrong. The defendant undertook to disprove any assault on Mrs. Parris rather than to justify the same. The difficulty occurred at the rented home of Mr. and Mrs. Parris, where the defendant went to collect the rent due him as owner and the refusal to pay this rent became the *casus belli.*

Neither party has filed any briefs in this court so that we are left to look for errors as best we can through the certified transcript. The information is attacked by motion in arrest, couched in general terms, as not charging any offense. An examination of the information shows that it follows approved precedents and is sufficient.

The motion for new trial assigns as error that the verdict is unsupported by and against the weight of the evidence. We find that there is substantial evidence that defendant both struck and choked Mrs. Parris in a rude and angry manner when she stepped between the men to prevent their coming to blows. There being substantial evidence on this point the weight of the evidence was for the jury, subject to the right and duty of the trial judge to grant a new trial in case the verdict is against the weight of the evidence. Unless the trial judge abuses his discretion in this regard,

which we do not find in the present case, the matter is concluded here.

Another error assigned in the motion for new trial is that the prosecuting attorney, in his closing argument, used this language: "He (speaking of the defendant) assaulted a little girl in his own home. If he would do that wouldn't he assault a pregnant woman?" The record shows that this remark is not broader than the evidence. The defendant was asked and admitted, without making any objection to the evidence, that he assaulted a little girl and was convicted for it and fined one hundred dollars. Thereafter, the court sustained all questions *objected to* going to the particulars of the offense on the ground that the conviction itself was all the State could prove. Nor was any attempt made to strike out any part of the first question asked and answered, so that the evidence stood unobjected to that defendant had been convicted of an assault on a little girl. The prosecuting attorney cannot be held to have caused error by his inference to the unobjected evidence in the case.

Objection is also made to the court's refusal to permit the witness Dr. Knabb to detail the condition of the defendant's right arm and eyes an hour after the difficulty. There is no pretense that any such injuries to defendant thus alluded to were inflicted by Mrs. Parris and the evidence sought to be elicited related only to the incidents of the fight between defendant and her husband. Had defendant been on trial for assaulting Mr. Parris the evidence would have been relevant and might have established self-defense, but it had no such relevancy to the question of whether defendant assaulted Mrs. Parris as to constitute reversible error.

The instructions, unobjected to, submitted the issues fairly to the jury and we find no reason for holding that defendant did not have a fair trial. Therefore, the judgment will be affirmed.

*Robertson, P. J.,* and *Farrington, J.,* concur.